IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:94-CR-54-BR

UNITED STATES OF AMERICA,                    )
                                             )
              v.                             )        ORDER
                                             )
CALVIN ANTONIO SPENCER                       )

      This matter is before the court on defendant's motion for compassionate release. (DE #

37.) The government filed a response in opposition, (DE # 46), to which defendant filed a reply,

(DE # 47).

      In 1994, defendant pled guilty to attempted escape and two counts of assault on a federal

officer. After the Fourth Circuit Court of Appeals remanded the case for resentencing, <u>see</u>

<u>United States v. Spencer</u>, 68 F.3d 462 (4th Cir. 1995) (table), the court sentenced him to a total

term of 77 months imprisonment, with 25 months of that term to be served consecutively to

defendant's sentence in case number 2:92-CR-26-BO (E.D.N.C.) and the remainder to be served

concurrently with that other sentence.

      Defendant seeks a reduction in his sentence to time served pursuant to 18 U.S.C. §

3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("First Step Act").[1] That statute

provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except
> that—
>   (1) in any case—
>       (A) the court, upon motion of the Director of the Bureau of
>      Prisons, or upon motion of the defendant after the defendant has
>      fully exhausted all administrative rights to appeal a failure of the
>      Bureau of Prisons to bring a motion on the defendant's behalf or the

---

[1] The First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring such a motion. <u>See</u> Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

lapse of 30 days from the receipt of such a request by the warden
of the defendant's facility, whichever is earlier, may reduce the
term of imprisonment . . . , after considering the factors set forth
in section 3553(a) to the extent that they are applicable, if it finds
that—

> (i) extraordinary and compelling reasons warrant
> such a reduction . . .

and that such a reduction is consistent with applicable
policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

The Sentencing Commission has not issued a policy statement applicable to motions filed

by defendants under this statute. United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020).

"[A]s a result, district courts are 'empowered . . . to consider any extraordinary and compelling

reason for release that a defendant might raise.'" Id. at 284 (citation omitted).

In deciding whether a sentence reduction is appropriate, the court must also consider the

applicable § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A).

> These factors include: "(1) [Defendant's] personal history and characteristics; (2)
> his sentence relative to the nature and seriousness of his offense; (3) the need for a
> sentence to provide just punishment, promote respect for the law, reflect the
> seriousness of the offense, deter crime, and protect the public; (4) the need for
> rehabilitative services; (5) the applicable guideline sentence; and (6) the need to
> avoid unwarranted sentencing disparities among similarly-situated defendants."

United States v. Adona, No. CR PX-17-345, 2020 WL 4338889, at *2 (D. Md. July 28, 2020)

(citation omitted) (alteration in original).

Initially, the government argues defendant's motion should be denied because he has

failed to satisfy § 3582(c)(1)(A)'s exhaustion requirement. (Resp., DE # 46, at 12.) According

to the government, defendant did not allege he attempted to exhaust his administrative

requirements nor did he provide evidence that he had submitted a request to the Warden. (Id.)

Actually, in his motion, defendant explicitly alleged that he applied for compassionate release on

28 March 2020, (Mot., DE # 37, at 3), and he submitted a second request on 16 September 2020,

2

of which he provided evidence, (Reply, Ex. 1, DE # 47-1). More than 30 days have passed since defendant's requests, and the court presumes the Warden has not responded. Therefore, the court will consider the merits of defendant's motion.

Defendant requests that the court grant him compassionate release based on his pre-existing health conditions and the risk COVID-19 poses to his health while incarcerated. (Mot., DE # 37, at 4-6.) The government agrees defendant presents a risk factor for severe illness from COVID-19, which justifies consideration of his request. (Resp., DE # 46, at 13-14.) However, it opposes defendant's motion because, it contends, the § 3553(a) factors weigh against release. (Id. at 15-17.)

"[I]n considering whether extraordinary and compelling reasons for a sentence reduction exist in light of COVID-19, [district courts] have considered the age of the prisoner, the severity and documented history of the defendant's health conditions, and the proliferation and status of infections in the prison facility." United States v. Kibble, Criminal Action No. 2:19-00077, 2020 WL 3470508, at *2 (S.D.W. Va. June 25, 2020) (citing United States v. Brady, No. S2 18 Cr. 316 (PAC), 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020) (collecting cases)). The Centers for Disease Control and Prevention's ("CDC") list of risk factors for COVID-19 complications also informs the court's evaluation. Everett v. United States, No. 4:16-CR-35, 2020 WL 5793428, at *3 (E.D. Va. Sept. 25, 2020).

Defendant is 52 years old. He suffers from Type 2 diabetes and sleep apnea and has a history of pulmonary embolism. (Def.'s Ex. 1, DE # 38.) Type 2 diabetes increases a person's risk of severe illness from COVID-19, see Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 1, 2021), and incarcerated persons are at a greater risk for

COVID-19, see Centers for Disease Control and Prevention,

https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/faq.html (go to

People Who are Incarcerated at Correctional and Detention Facilities, select Do I have a greater

chance of getting COVID-19?) ("People in correctional and detention facilities are at greater risk

for some illnesses, such as COVID-19, because of close living arrangements with other people.")

(last visited Mar. 1, 2021). Sleep apnea and a history of pulmonary embolism are not risk

factors. See Centers for Disease Control and Prevention,

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-

conditions.html (last visited Mar. 1, 2021).

     The COVID-19 infection rate at FCI Butner Medium II, where defendant is incarcerated,

has decreased in the past month, compare Bureau of Prisons, COVID-19 Cases,

https://www.bop.gov/coronavirus/ (last visited Mar. 1, 2021) (showing 30 inmates and 4 staff are

positive for COVID-19, 3 inmate deaths, and 393 inmates and 19 staff have recovered), with

United States v. Rodriguez, No. 1:18CR401-7, 2021 WL 467014, at *2 (M.D.N.C. Feb. 9, 2021)

("As of February 8, 2021, ninety-two inmates and eight staff members are positive, two inmates

have died, and 296 inmates and thirteen staff members have recovered." (citation omitted)).

However, that facility has one of the highest numbers of active inmate cases among Bureau of

Prison's facilities. See Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/

(last visited Mar. 1, 2021). Give defendant's age, health, and the conditions at FCI Butner

Medium II, the court concludes defendant has shown extraordinary and compelling reasons for a

sentence reduction.

     Next, the court considers information bearing on the relevant § 3553(a) factors. Prior to

his commission of the instant offenses, defendant had been convicted in state court of two felony

controlled substance offenses.  (PSR ¶¶  11, 13.)  Also, he had been convicted in this court of two felonies, bank robbery and possession of a firearm in relation to a crime of violence.[2] United States v. Spencer, No. 2:92-CR-26-BO (E.D.N.C.).  Prior to his sentencing for the instant offenses, defendant was convicted in state court of six more felonies—one controlled substance offense and five offenses involving discharging a firearm.  (PSR ¶¶ 16-17.)  Defendant committed the federal offenses and most recent state offenses over the course of two years when he was 23 and 24 years old.

Defendant has been in federal custody nearly 18 years.[3]  During his federal incarceration, defendant has maintained employment.  As of briefing, defendant had not committed a prohibited act in the prior six months.  (See Mot., Ex. 3, DE # 37-2, at 1.)  However, since briefing concluded, the Bureau of Prisons has moved defendant's projected release date from March 2024, (Mot., Ex. 2, DE # 37-1, at 1), to April 2024, see Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (search BOP Register Number 14364-056) (last visited Mar. 1, 2021), leading the court to believe defendant may have been recently sanctioned for a prohibited act.  Defendant, through counsel, claims to have learned lessons from his prior actions, (see Reply, DE # 47, at 6), and has family who support his release, (Reply, Ex. 3, DE # 47-3).

Considering all the circumstances, the court concludes reducing defendant's term of imprisonment to time served would not provide just punishment or reflect the nature and seriousness of the offenses committed.  Defendant's motion is DENIED.  For purposes of the

---

[2] Defendant was sentenced to a total term of 270 months imprisonment.
[3] Prior to beginning to serve his federal sentences, defendant served nearly nine years in state custody.  (See Reply, Ex. 2, DE # 47-2.)

record, the Clerk is DIRECTED to file under seal defendant's presentence report.

This 1 March 2021.

_____
W. Earl Britt
Senior U.S. District Judge